UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-00032-FDW-DSC

| | |
|---|---|
| ALFRED HALL and JOANNE HALL, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CHARLOTTE ARENA OPERATIONS, LLC )<br>*et al.*, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiffs' Show Cause Response, (Doc. No. 19), filed on January 6, 2023, following this Court's Order requiring Plaintiffs Alfred and Joanne Hall (collectively "**Plaintiffs**") to show cause why service was not completed within the required time limit as to four Unserved Defendants.[1] (Doc. No. 18). For the reasons stated in Plaintiffs' Response, (Doc. No. 19), the Court will not dismiss Plaintiffs' Complaint as against the four Unserved Defendants.

In their Response, Plaintiffs further request leave to file a Motion to Amend the Complaint to substitute Defendants John Doe, Inc., and Richard Roe, Inc., with the proper corporate entities, whose identities Plaintiffs only recently ascertained. (Doc. No. 19, p. 3). Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." To that end, a "motion to amend should be denied only where it would be prejudicial,

---

[1] These Unserved Defendants include Hornets Sports & Entertainment, Spectrum Center, Inc., John Doe, Inc., and Richard Roe, Inc.,

1

there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276–77 (4th Cir. 2001)); see also Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182). The Fourth Circuit's policy is to "liberally allow amendment." Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018) (quoting Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010)).

Here, after careful review of the record, the Court finds there is not sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. Thus, for the reasons outlined in Plaintiffs' Response, the Court GRANTS Plaintiffs' request. In order to substitute the proper corporate entities as parties to this action, Plaintiffs are hereby ORDERED to file a complete Amended Complaint **within fourteen (14) days of the entry of this Order.**

Additionally, Plaintiffs request a reasonable extension of time to effectuate service of process on the four Unserved Defendants. (Doc. No. 19, p. 3). In light of the reasons presented in Plaintiffs' Response, the Court GRANTS Plaintiffs' request. Accordingly, Plaintiffs are further ORDERED to serve the four Unserved Defendants as required by the Federal Rules of Civil Procedure and Local Rules of this Court **within thirty (30) days of the entry of this Order.** Plaintiffs are cautioned that, **absent extraordinary circumstances, no further amendments to the complaint or extensions of time to effectuate service are likely to be allowed.**

IT IS SO ORDERED.

Signed: January 12, 2023

Frank D. Whitney
United States District Judge